UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                            :
SHENG-WEN CHENG,                                            :
                                                            :
                            Plaintiff,                      :
                                                            :
            -v-                                             :          24 Civ. 8100 (JPC)
                                                            :
EUGENE AUSTIN,                                              :          OPINION AND ORDER
                                                            :
                            Defendant.                      :
                                                            :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiff Sheng-Wen Cheng, proceeding *pro se*, alleges that Defendant Eugene Austin defrauded him of $100,000 by posing as a broker-dealer that specialized in raising funds for entrepreneurs in the cryptocurrency industry. Dkt. 1 ("Complaint") ¶¶ 1-4. On December 8, 2025, the Court ordered Plaintiff "to show cause why his action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41." Dkt. 14 ("Order to Show Cause") at 2. The Court warned that "[i]f Plaintiff fails to inform the Court of his intent to proceed with this case and show cause why his action should not be dismissed by December 29, 2025, the Court may dismiss this action for failure to prosecute without further notice." *Id.* Plaintiff has not responded to the Order to Show Cause, however. After considering the relevant factors, the Court dismisses the action for failure to prosecute.

## I. Background

Plaintiff mailed his Complaint to the Court on or about October 16, 2024, while he was in the custody of the Bureau of Prisons ("BOP") at the Federal Medical Center in Rochester, Minnesota. *See* Complaint at 9 (indicating that Plaintiff signed the Complaint on October 16, 2024).

The Complaint was filed on October 23, 2024.  Dkt. 1.  On March 14, 2025, Plaintiff mailed a letter to the Court requesting that the Court change his address because he had been released from BOP custody on February 26, 2025, and was, at the time of writing, in the custody of Immigration and Customs Enforcement ("ICE") in Kandiyohi County Jail in Willmar, Minnesota, while "waiting for [his] deportation."  Dkt. 12 ("Plaintiff Letter") at 1-2.  The Court received that letter on March 21, 2025.  *See id.* at 1.  On April 22, 2025, and May 13, 2025, the Court received notices indicating that two attempts to deliver judicial orders to Plaintiff at the Kandiyohi County Jail were unsuccessful.  On both occasions, the mail was returned to sender, with the latter indicating that the mailing had an insufficient address and the recipient was unable to forward.  April 22, 2025 Text Entry; May 13, 2025 Text Entry.  The Court since has learned from the United States of America's filing in another case that Plaintiff was removed to Taiwan on March 31, 2025, and that as of June 2, 2025, ICE does not have a current address for him in Taiwan.  *See Cheng v. United States*, No. 24 Civ. 5579 (ER) (KHP), Dkt. 39 (S.D.N.Y. June 2, 2025) (letter from the U.S. Attorney's Office).

On December 8, 2025, "[i]n light of the repeated instances of mail being returned as undeliverable at the address Plaintiff provided in his March 21, 2025, update, Dkt. 12, and his failure to update his address since then," the Court ordered Plaintiff to show cause why this action should not be dismissed for his failure to prosecute.  Order to Show Cause at 2.  A copy of that Order was sent by the Clerk of Court to Plaintiff's last known address at Kandiyohi County Jail.  Mailing Receipt, Dec. 9, 2025.  Plaintiff has not replied to the Order to Show Cause, nor has he updated the Court with a new address.

## II.  Legal Standard

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action when a plaintiff fails to prosecute the case or fails to comply with court orders.  *LeSane v.*

2

*Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see Shetiwy v. Midland Credit Mgmt.*, No. 12 Civ. 7068 (RJS), 2016 WL 4030488, at *1 (S.D.N.Y. July 25, 2016), *aff'd*, 706 F. App'x 30 (2d Cir. 2017) (summary order).  Given that dismissal is a "harsh remedy . . . appropriate only in extreme situations," *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), courts analyze five factors that "significantly cabin a district court's discretion under Rule 41(b)." *LeSane*, 239 F.3d at 209. They are:

> (1) the duration of the plaintiff's failures, (2) whether [the] plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) . . . the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and (5) . . . the efficacy of lesser sanctions.

*Id.* (citation modified).  "Generally, no one factor is dispositive." *Shetiwy*, 2016 WL 4030488, at *2 (quoting *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001)).

### III. Discussion

Here, consideration of the five factors supports dismissal.  First, Plaintiff has failed to pursue this action for more than thirteen months, has not updated his mailing address since March 2025, and has not responded to the Court's December 8, 2025 Order to Show Cause.  This delay weighs in favor of dismissal.  *See George v. Roberts*, No. 17 Civ. 3684 (CS), 2018 WL 1517203, at *6 n.7 (S.D.N.Y. Mar. 26, 2018) ("Courts within this Circuit have found that a plaintiff's inactivity for a period of six months to almost two years is sufficient to dismiss a complaint for failure to prosecute.").  Second, the Court issued an Order advising that Plaintiff's inaction may result in dismissal, *see* Order to Show Cause at 2, and Plaintiff appears to have understood his obligation to update his address, given that he did so when he was transferred from BOP custody at the Federal Medical Center in Rochester to ICE custody at the Kandiyohi County Jail.  *See*

Plaintiff Letter at 1-2.[1]  Notwithstanding that obligation, Plaintiff has not updated his address since his removal to Taiwan.

Third, the Court may presume prejudice against a defendant when a plaintiff's delay is "lengthy and inexcusable." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004).  A "more moderate or excusable" delay triggers a greater need to show actual prejudice, but when "a plaintiff has become inaccessible for months at a time, courts presume prejudice." *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (citation modified) (collecting cases).  While Defendant has not been served and therefore may not even know about this lawsuit against him, *see* Dkt. 13 (Process Receipt and Return issued by the U.S. Marshals Service stating that the Summons and Complaint mailed to Defendant on approximately March 18, 2025 was not delivered), Plaintiff's delay nonetheless has spanned over a year.  This factor thus weighs slightly in favor of dismissal.  Fourth, after balancing the need to alleviate court congestion with Plaintiff's right to due process, the Court determines that dismissal is appropriate, particularly given Plaintiff's failure to express any interest in proceeding with this action for over a year.

Fifth, and finally, the Court has considered the possibility of a less drastic sanction than dismissal.  In light of the multiple instances of returned mail sent to Plaintiff's listed address, Plaintiff's failure to update his address, and the absence of any indication that Plaintiff intends to continue this litigation, the Court concludes that dismissal is warranted.  *See Urgiles v. Dep't of Corr. of N.Y. State*, No. 20 Civ. 4373 (PMH), 2021 WL 3682238, at *3 (S.D.N.Y. Aug. 19, 2021)

---

[1] Standing Order M10-468 states that "[i]t is a party's obligation to provide an address for service," and "[a]ccordingly, all self-represented litigants are . . . ORDERED to inform the court of each change in their address or electronic contact information."  Standing Order M10-468 at 1.  While this Standing Order was entered on the electronic docket for this case, *see* Dkt. 4, it appears that the Order was not mailed to Plaintiff at any of his addresses due to a clerical error.

(finding dismissal appropriate where the "plaintiff appear[ed] to have abandoned the litigation"). Yet, mindful of the need to consider less drastic sanctions, the Court dismisses this action without prejudice.

### IV.  Conclusion

For the foregoing reasons, the Court dismisses this case without prejudice.  The Clerk of Court is respectfully directed to enter judgment in favor of Defendant and to terminate this case. The Clerk of Court is also respectfully directed to mail a copy of this Opinion and Order to Plaintiff's last-known mailing address: Sheng-Wen Cheng (Alien # A216652301), Kandiyohi County Jail, 2201 23rd Street, N.E. Suite 101, Willmar, MN 56201.

SO ORDERED.

Dated: April 17, 2026
       New York, New York

_____
                JOHN P. CRONAN
              United States District Judge